**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-25471-WILLIAMS/LETT**

**THE GALLEON GUILD LTD,**

Plaintiff,

v.

**LEUBEWIN**,

Defendant.
_______________________________/

**REPORT AND RECOMMENDATIONS**

THIS MATTER is before the Court upon the Honorable Kathleen M. Williams' Paperless Order Referring Motion to Magistrate Judge, referring Plaintiff's Renewed Motion for Order Authorizing Alternative Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3) (the "Motion") [ECF No. 10]. Having reviewed the record and being fully advised in the premises, the Court recommends that Plaintiff's Motion be denied without prejudice.

**DISCUSSION**

"A district court may dismiss claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket." *Ruth v. Deal*, No. 18-cv-34, 2019 WL 3326238, at *3 (S.D. Ga. June 20, 2019) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cty. Jail*, 433 F. App'x

716, 718 (11th Cir. 2011)); *see also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). "When a party fails to comply with a court order, a court may dismiss the action." *Chiron Recovery Ctr., LLC v. United Healthcare Servs., Inc.*, 438 F. Supp. 3d 1346, 1356 (S.D. Fla. 2020) (citing *Zocaras v. Castro*, 456 F.3d 479, 483 (11th Cir. 2006)).

On November 25, 2025, the Court entered a Notice of Court Practices and Procedure, ECF No. 4, which ordered, in part, that "[a]ny request for . . . entry of temporary restraining order, or entry of preliminary injunction must be filed **separately** from the Complaint via the appropriate motion." Order at 2 (emphasis in original). The Order further specified that "[t]o the extent the operative Complaint is not in compliance with the terms of this Order, Plaintiff shall promptly file an Amended Complaint **WITHIN SEVEN (7) DAYS** of the date of this Order[,]" and that "[n]oncompliance with any provision of this Order . . . may subject the offending Party to sanctions, including dismissal of this case." Order at 5-6 (emphasis in original).

Plaintiff's Complaint is noncompliant with the Court's Order because it requests that this Court "[i]ssue a permanent injunction prohibiting Defendant, its agents, and all persons acting in concert with it from using the RAGUPEL mark or any confusingly similar mark." *See* Compl., Prayer for Relief, ECF No. 1. Therefore, Plaintiff had until, December 2, 2025 to file an amended complaint, but it has not done so. District Judge Williams has previously dismissed plaintiffs' complaints for

the exact noncompliance that Plaintiff committed, ignoring an expressly prohibited practice. *See, e.g., Sega Corp. v. The Partnerships and Unincorporated Associations Identified On Schedule A*, No. 25-cv-23135-KMW, ECF No. 19 (S.D. Fla. Sept. 30, 2025); *Deftones v. The Partnerships and Unincorporated Associations Identified On Schedule A*, No. 25-cv-23385-KMW, ECF No. 17 (S.D. Fla. Sept. 30, 2025).

## CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED *without prejudice*** and Plaintiff granted leave to file an amended complaint that is compliant with District Judge Williams' Practices and Procedures [ECF No. 4]., Because it is recommended that the operative complaint be dismissed, the Undersigned further **RECOMMENDS** that Plaintiff's Renewed Motion for Order Authorizing Alternative Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3) [ECF No. 10] be **DENIED *as moot***.

## OBJECTIONS

Within seven (7) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. *See* Fed. R. Civ. P. 72(b)(2). A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything

to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; S.D. Fla. Mag. R. 4(a).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on this 21st day of August, 2026.

Enjoliqué A Lett

**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record